UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LAND & DEVELOPMENT, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>VRATSINAS CONSTRUCTION COMPANY, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:18-cv-1896-AJB-NLS<br><br>**ORDER GRANTING NON-PARTY DEMO SPECIALTIES INC.'S MOTION TO QUASH SUBPOENA**<br><br>**[ECF No. 12]** |

Before the Court is third party, DEMO SPECIALTIES, INC's ("DSI") motion to quash a subpoena served pursuant to Rule 45. ECF No. 12. For the reasons that follow, the motion to quash is granted as imposing an undue burden pursuant to Rule 45(d)(3)(A)(iv).

I.     FACTUAL BACKGROUND

Plaintiff, Thomas Land & Development, LLC ("Thomas") filed the underlying action against Defendants, including Vratsinas Construction Company and several of its related entities and subsidiaries (VCC, LLC, VCC HoldCo, Inc., and VCC Global, LLC, etc.) as well as individual executives, on August 13, 2018. ECF No. 1 ("Complaint"). The Complaint alleges RICO and antitrust violations, as well as negligence and

intentional misrepresentation related to the bidding and construction of four identified projects: The Rim Shopping Center in San Antonio, Texas; the Forum on Peachtree Parkway in Peachtree Corners, GA; the Forum Carlsbad in Carlsbad, California; and Westside Centre in Huntsville, AL. *Id.* at 3. Plaintiff also alleges nearly all the entities are shams or alter egos of one another. *Id.* at 4-8.[1] In sum, the allegations are Defendants perpetrated a fraudulent scheme to assign work only to certain subcontractors regardless of the bids; provided kickbacks to certain subcontractors that participated in the scheme; and manipulated costs including insurance, change orders, and rebates. *See generally, id.* at 9-21.

The docket does not reflect service was completed against any defendant apart from Vratsinas Construction Company, which filed a motion to dismiss the complaint on September 6, 2018 that remains pending before the District Judge.[2] *See* ECF No. 4. No party has filed an answer to the complaint.

Plaintiff served subpoenas pursuant to Rule 45 on October 18, 2018 on non-party DSI requesting the production of documents for 80 categories exchanged with Defendants as well as other builders (e.g., "Shea" and "Simon") and regarding other projects (e.g., "Grapevine Mills" and "Florida Mall"). ECF No. 12-2 at 13-19.

II. LEGAL STANDARDS

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. The scope of the discovery that can be requested through a Rule 45 subpoena is the same as the scope under Rule 26(b). Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."). Rule 26(b) allows a party to obtain discovery

---

[1] All page number references refer to the page number generated by the CM/ECF header.
[2] No executed service of summons forms appear on the docket for any named defendant.

concerning any nonprivileged matter that is relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1).

However, there are timing restrictions that apply to discovery. A party is generally not permitted to obtain discovery without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f).[3] Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). Subpoenas are unquestionably "discovery from any source" that remains subject to this rule. *Deuss v. Siso*, 14-CV-00710-YGR(JSC), 2014 WL 4275715, at *4 (N.D. Cal. Aug. 29, 2014) (quashing subpoenas issued on same day as complaint); *Michelle v. Arctic Zero, Inc.,* No. 12–2063, 2013 WL 3807888, at *3 (S.D. Cal. July 18, 2013); ("While Federal Rule of Civil Procedure 45 does not specify when a subpoena may be issued, because a subpoena is considered a discovery device, it is subject to the provisions of Rule 26(d)."); *see also Villegas v. United States,* No. 12–0001, 2012 WL 1801735, at *8 (E.D. Wash. May 16, 2012) ("Rule 26(d) clearly prohibits 'discovery from any source' before the parties have conferred, which by its plain language includes subpoenas duces tecum served on non-parties.").

The Rule 26(f)(1) provides "Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." In the Southern District, Local Rule 16.1 modifies Federal Rule of Civil Procedure 16(b) to provide for the Early Neutral Evaluation process. CivLR 16.1(a)(1) ("The timing of the Federal Rule

---

[3] The exceptions to this rule require a showing of good cause for early discovery, and generally only arise when discovery is needed to either establish jurisdiction or to determine the identity of the defendants. Neither exception appears applicable to the present case, nor does Plaintiff's opposition to the motion to quash make an argument there is good cause for early discovery.

16(b) scheduling order is adjusted to accommodate the Early Neutral Evaluation Conference, as allowed under Fed. R. Civ P. 1."). An Early Neutral Evaluation will not occur until an *answer* is on file. CivLR 16.1(c)(1) ("Within forty-five (45) days of the filing of an answer, counsel and the parties must appear before the assigned judicial officer supervising discovery for an early neutral evaluation…").

Following the Early Neutral Evaluation, if the case does not settle, the Magistrate Judge will then hold a case management conference for the purposes of issuing a scheduling order, and generally will set a deadline for the Rule 26(f) conference. *See generally,* CivLR 16.1(d).

III. DISCUSSION

By operation of the Federal Rules of Civil Procedure and the applicable Local Rules, the subpoena is untimely, and thus an undue burden. In this case, no party has answered, and party discovery is not yet permitted. Under these circumstances, it would be an undue burden to force a non-party to comply with a voluminous discovery requests when there has been no opportunity to pursue party discovery. *See Soto v. Castlerock Farming and Transport, Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) ("In general, there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests."); *Kim v. NuVasive, Inc.*, 11CV1370-DMS NLS, 2011 WL 3844106, at *2 (S.D. Cal. Aug. 29, 2011) ("Non-parties deserve extra protection from the courts.") (citing *High Tech Medical Instrumentation, Inc. v. New Image Industries, Inc.,* 161 F.R.D. 86, 88 (N.D.Cal.1995)).

Moreover, the volume and breadth of the requests present a disproportionate undue burden on their face. There are 80 discovery requests unrestricted by date or time each addressing builders and projects that are not identified in the complaint. Plaintiff argues that the information is necessary to establish a "pattern of racketeering activity" and thus relevant to the RICO claims. ECF No. 18 at 12. Plaintiff further argues that the dates and times of the projects provide bookends for the relevant information. *Id.* at 13-14. These arguments do not bring the document requests into the realm of "proportionate"

4

under Rule 26. Construction projects can last for years and generate millions of documents in the forms of emails, change orders, specifications, and invoices. Seeking "all documents" related to numerous projects not identified in the complaint based on the bare assertion of a "systematic pattern of racketeering," without any allegations that connect racketeering to the projects or builders targeted by the subpoena, presents a disproportionate, undue burden.

These grounds being sufficient to quash the subpoena, the Court declines to delve into a factual analysis of precisely the extent to which DSI or its alter egos are involved in California construction in order to determine whether the non party can be said to "regularly transact business" in the state for the purposes of a Rule 45 subpoena.

IV. SANCTIONS

The Court declines to impose sanctions on any party at this time. The parties are, however, cautioned that compliance with Federal Rules of Civil Procedure, the Local Rules, and the Chambers Rules of both the District Judge and Magistrate Judge are required and the Court will not hesitate to impose sanctions for blatant disregard of the applicable rules.

V. CONCLUSION

The motion to quash the subpoena is **granted** as imposing an undue burden. Each parties' request for sanctions is denied.

IT IS SO ORDERED.

Dated: January 8, 2019

Hon. Nita L. Stormes
United States Magistrate Judge