# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LAND & DEVELOPMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VRATSINAS CONSTRUCTION COMPANY, an Arkansas corporation; et al.,<br><br>Defendants. | Case No.: 18-CV-1896-AJB-NLS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS**<br>**(Doc. No. 10)** |

Defendant moves the Court for sanctions under Federal Rule of Civil Procedure 11 arguing Plaintiff "assert[ed] claims against defendant Vratsinas Contruction Company [ ] that even a cursory investigation would have revealed are both factually and legally groundless. . . ." (Doc. No. 10-1 at 4.)

Federal Rule of Civil Procedure 11 provides in pertinent part, that when an attorney presents a signed paper to a court that attorney is certifying that to the best of his or her "knowledge, information and belief, formed after an inquiry reasonable under the circumstances ... the claims, defenses, and other legal contentions are warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). When one party seeks sanctions against another, a court must first determine whether any provision of Rule 11(b) has been violated.

1

*Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994). A finding of subjective bad faith is not required under Rule 11. *See Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) ("Counsel can no longer avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head."). "Instead, the question is whether, at the time the paper was presented to the Court (or later defended) it lacked evidentiary support or contained 'frivolous' legal arguments." *Odish v. CACH, LLC*, No. 12cv1710-AJB (DHB), 2012 WL 5382260, at *3 (S.D. Cal. Nov. 1, 2012). If the court determines a Rule 11 violation occurred, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1) (emphasis added).

Defendant argues "the claims asserted by Thomas Land against Vratsinas in the Complaint are factually frivolous." (Doc. No. 10-1 at 12.) Accordingly, Defendant claims "there is no basis for a finding that Mr. Lazo conducted a reasonable or competent inquiry into the factual underpinnings of Thomas Land's claims against Vratsinas prior to filing to the Complaint." (*Id.* at 13.) Defendant also alleges Plaintiff's complaint is also legally frivolous "because [the claims asserted] are barred by general release contained in the 2015 Settlement Agreement, governed by Georgia law." (*Id.*)

The Court finds Plaintiff's claims are not factually or legally baseless. Although the Court granted Defendants' dismissal motions, the Court granted Plaintiff leave to amend. Because the Court granted leave to amend, the Court inferred the factual and legal grounds of Plaintiff's complaint were not completely baseless—otherwise it would have denied leave to amend. "A claim is not objectively baseless as long as there is 'some plausible basis' for the argument, even if that basis is 'quite a weak one.'" *Simpson v. Cal. Pizza Kitchen, Inc.*, No. 13-cv-164-JLS (JMA), 2013 WL 12114487, at *3 (S.D. Cal. Oct. 23, 2013) (citing *United Nat. Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1117 (9th Cir. 2001)) (emphasis in original). Although the Court wonders how Plaintiff will prove some of its claims—alter ego theory, for example—at this stage the Court finds the allegations are not completely baseless and has given Plaintiff an opportunity to prove it. However,

the Court's granting Plaintiff leave to amend now does not preclude a future motion for sanctions from being allowed.

As to Defendant's arguments surrounding the 2015 global settlement, this is the first the Court is hearing about this. Defendants' two motions to dismiss do not reference a general release or a settlement agreement.

Accordingly, the Court **DENIES** Defendant's motion for sanctions without prejudice. (Doc. No. 10.)

**IT IS SO ORDERED.**

Dated: August 14, 2019

Hon. Anthony J. Battaglia
United States District Judge